IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY S. DAWSON                        *
                                         *
    v.                                   *   Civil No. JFM-03-6
                                         *
STRATICON CONSTRUCTION                   *
SERVICES, INC.                           *
                                              *****

MEMORANDUM

       Plaintiff has brought this action for employment discrimination, alleging that his termination from employment was in retaliation for his exercise of protected activity as well as being racially motivated. The discovery deadline has passed, and defendant has filed a motion for summary judgment. Defendant's motion will be granted.

       Plaintiff asserts that Nick Fornaro, one of his supervisors, made various statements that reflected an animus against African Americans. (Plaintiff himself is African American.) Plaintiff's employment was terminated, however, not by Fornaro but by Bret Comar, a supervisor of Fornaro.[1] In his deposition plaintiff answered "No" when asked "You have no complaints about Brett [sic] Comar doing anything racially discriminating, do you?"

       In his opposition plaintiff speculates that Fornaro told Comar to terminate plaintiff. He also speculates that the decision to terminate him was made because he had made complaints about Fornaro's conduct toward him. Plaintiff has, however, come forward with no evidence to support either of these speculations. Such evidence is necessary to make out the elements of plaintiff's claims

---

[1] Defendant terminated Fornaro at approximately the same time as plaintiff.

and his failure to do so entitles defendant to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).[2]

      A separate order is being entered herewith.


Date: November 13, 2003        /s/_____
                                      J. Frederick Motz
                                      United States District Judge

---

[2] Defendant has submitted two affidavits, of Comar and Mike Finn, its former president, stating that they were the persons responsible for the decision to terminate plaintiff's employment. They have stated the reasons they did so and their reasons would constitute a legitimate ground for their decision, if not pretextual. Plaintiff argues that these affidavits should be stricken because they "constitute new evidence" and should not be accepted and considered without at first affording plaintiff an opportunity to respond to them. To avoid any unnecessary issue, in rendering this decision I am not relying upon the facts set forth in the affidavits but only upon plaintiff's failure to prove the elements of his claims. I note, however, that there is nothing improper about defendant having submitted the affidavits and that, in accordance with routine practice, plaintiff should have taken the depositions of the persons responsible for the decision of which he complains during the discovery period.